Anita Smith Harris
11010 South 51st Street
PHOENIXAZ 85044
(678)296-4004

☑ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 0 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Anita Smith Harris,

        Plaintiff,

v.

THE HONORABLE JIM DRAKE, IN HIS
OFFICIAL CAPACITY AS A JUDGE OF THE
MARICOPA COUNTY SUPERIOR COURT,
FAMILY DIVISION,

        Defendant(s).

CASE NUMBER:  **CV25-00355-PHX-ASB**

Writ of Mandamus
~~COMPLAINT~~

### Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1651 (All Writs Act), which authorizes federal courts to issue writs compelling compliance with the law. • 28 U.S.C. § 1331 (Federal Question Jurisdiction), as this case involves violations of the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408, a federal statute governing military retirement pensions. §§ 28 U.S.C. § 1361 (Mandamus Act), 28 U.S.C. § 1651 (All Writs Act), 10 U.S.C. § 1408 (USFSPA).

The plaintiff is a resident of PHOENIX, Maricopa County, AZ and a citizen of the United States.

The defendant, THE HONORABLE JIM DRAKE, IN HIS OFFICIAL CAPACITY AS A JUDGE OF THE MARICOPA COUNTY SUPERIOR

COURT, FAMILY DIVISION, is a resident of PHOENIX, AZ and a citizen of the United States. The cause of action arose in the Phoenix division.

## Complaint

### INTRODUCTION

COMES NOW the Plaintiff, proceeding pro se, respectfully petitions this Honorable Court for a Writ of Mandamus compelling the Arizona state court to comply with federal law under the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408, by signing the Military Division Retirement Order (MDRO) and voiding the unlawful portion of the March 23, 2023, order, which improperly deprived Plaintiff of her rightful military retirement benefits. Plaintiff further seeks enforcement of the January 31, 2017, divorce decree, which remains final and binding under Arizona law and federal regulations.

### FACTUAL BACKGROUND

1. On January 31, 2017, Plaintiff was awarded 50% of her ex-spouse's military retirement pension in the final divorce decree issued by the Arizona state court. This decree was never appealed and remains binding and unmodifiable under Arizona Rules of Family Law Procedure Rule 85(A).

2. In 2021, Plaintiff initiated the process of securing her rightful share of the military retirement pension by submitting the required DD Form 2293 and a certified copy of the divorce decree to the Defense Finance and Accounting Service (DFAS). DFAS rejected the submission, stating that an MDRO was required.

3. In 2022, DFAS provided Plaintiff with an MDRO template and required that it be signed by a judge. However, obtaining the MDRO required specific service-related documentation from the Defendant (ex-spouse),

including his military points and related retirement information, which he refused to provide voluntarily. Plaintiff had no way to obtain this information without a court order, forcing her to return to family court to compel compliance.    On May 2, 2022, the Arizona state court issued an order (5/2/2022 Order) explicitly requiring the Defendant to provide Plaintiff with the necessary military service points information within 30 days so that the military pension could be divided.    The court further ordered that each party respond within one week to any written requests for information or signatures needed for the QDRO process, imposing a $100.00 per day fine for failure to comply.    As a result of this order, Defendant finally provided the necessary information in November 2022, delaying the MDRO process for nearly a year.

4. After obtaining the required information, Plaintiff hired a Military QDRO attorney to draft the MDRO, as her divorce attorney was not familiar with military division orders, causing additional expense and delay.    Despite Plaintiff's attorney's efforts, Defendant and his attorney continued to stall the process into 2023, refusing to cooperate in finalizing the MDRO.    Plaintiff's attorney ultimately resigned just before the March 23, 2023, hearing, leaving Plaintiff without representation.    The MDRO was never signed by either the judge or the Defendant's attorney before the hearing.

5. On March 23, 2023, the Arizona state court issued an order reallocating Plaintiff's 50% share of the military retirement pension as a penalty for alleged violations of prior property-related orders. This portion of the order: Violates USFSPA (10 U.S.C. § 1408), which prohibits state courts from treating military retirement pensions as offsets for marital debts or settlements.    Exceeds the court's authority by modifying the terms of the January 31, 2017, divorce decree, which was final and binding under both Arizona and federal law.

6. Plaintiff made repeated attempts to correct this legal error through the state court system:  April 2023 – Plaintiff filed an appeal, but it was dismissed as untimely in July 2023.   August 2023 – Plaintiff filed a motion for reconsideration, but it was denied.  Despite Plaintiff's diligent efforts, these state-level remedies failed to correct the fundamental violation of federal law, leaving Plaintiff with no recourse but to seek relief in federal court.


LEGAL ARGUMENTS

1. <u>The March 23, 2023, Order Violates Federal Law (USFSPA) & Federal Preemption Applies</u>
   · Statute: Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C. § 1408 · Legal Precedent:  Mansell v. Mansell, 490 U.S. 581 (1989) – The U.S. Supreme Court held that state courts lack the authority to modify military retirement pay beyond what is expressly permitted by USFSPA.  Howell v. Howell, 581 U.S. 214 (2017) – The U.S. Supreme Court reaffirmed that states cannot interfere with military retirement allocations once they have been finalized in a divorce decree. · Argument:  USFSPA explicitly prohibits state courts from treating military retirement pensions as offsets or financial settlements.

   The March 23, 2023, order violates 10 U.S.C. § 1408 by reassigning Plaintiff's 50% military retirement benefits to the Defendant as an offset, despite the January 31, 2017, final divorce decree explicitly awarding them to Plaintiff.

   <u>Federal Preemption Applies</u> – Under the Supremacy Clause (U.S. Const. art. VI, cl. 2), federal law overrides conflicting state laws. Since the state

court's March 23, 2023, order conflicts with USFSPA, it is void and unenforceable under federal law.

Conclusion: The March 23, 2023, order must be declared void because Arizona state courts cannot modify military retirement allocations in a way that violates federal law.

2. <u>The Arizona State Court Must Sign the MDRO</u>

• Statute: Defense Finance and Accounting Service (DFAS) Regulations under 10 U.S.C. § 1408 • Argument:  DFAS regulations require a properly signed Military Division Retirement Order (MDRO) before distributing Plaintiff's rightful share of military retirement benefits.

The Arizona state court's refusal to sign the MDRO has unlawfully deprived Plaintiff of benefits already awarded under the January 31, 2017, divorce decree.  The court's refusal to act is an unlawful denial of Plaintiff's federal rights under USFSPA and DFAS regulations, preventing enforcement of the final decree.

• <u>Mandamus Justification:</u>

The Arizona state court has a non-discretionary duty to sign the MDRO to comply with federal law.  Because the state court has refused to act, mandamus relief is warranted to compel compliance with DFAS requirements and USFSPA.

3. <u>The March 23, 2023, Order Exceeds Arizona State Court Authority</u> • Statute: Arizona Rules of Family Law Procedure Rule 85(A) –

Final divorce decrees are binding and cannot be modified except for: Fraud Clerical errors Extraordinary circumstances

• Legal Precedent:  Cooper v. Cooper, 167 Ariz. 482 (1991) – Arizona courts cannot arbitrarily amend final divorce decrees.  State ex rel. Romley v. Martin, 203 Ariz. 46 (2002) –

When a court exceeds its jurisdiction, its rulings are void and unenforceable. · Argument: The March 23, 2023, order unlawfully modifies a final divorce decree without valid justification.

The January 31, 2017, decree was final and binding, and: No appeal was filed. No allegations of fraud or clerical error exist. No legal basis existed to modify the decree. The reallocation of military retirement benefits is therefore void on its face and should be declared unenforceable by this Court.

### Demand

RELIEF REQUESTED Plaintiff respectfully requests that this Court issue a Writ of Mandamus compelling the Arizona state court to:

1. Sign the Military Division Retirement Order (MDRO) provided to Plaintiff by DFAS, thereby allowing Plaintiff to receive her rightful 50% share of military retirement benefits immediately in accordance with the January 31, 2017, divorce decree and federal law (10 U.S.C. § 1408, USFSPA).

2. DECLARE that the portion of the March 23, 2023, order reallocating Plaintiff's 50% share of military retirement benefits is VOID as a violation of federal law (USFSPA, 10 U.S.C. § 1408) and beyond the Arizona state court's jurisdiction, rendering it unenforceable.

3. ENFORCE the provisions of USFSPA (10 U.S.C. § 1408) by ensuring that military retirement pensions are not improperly used as offsets, penalties, or financial settlements, in accordance with Mansell v. Mansell, 490 U.S. 581 (1989), and Howell v. Howell, 581 U.S. 214 (2017).

4. Grant any further relief this Court deems just and proper, including but not limited to, remedies for the financial harm suffered by Plaintiff as a

direct result of the Arizona state court's actions and unlawful delay in enforcing Plaintiff's federally protected rights.

**Damages: The plaintiff requests no damages.**

Date: 2/3/25

Signature of Pro Se Plaintiff
Anita  Smith Harris
11010 South 51st Street
PHOENIX, AZ 85044
(678)296-4004

EXHIBIT 3

Michael K. Jeanes, Clerk of Court
*** Filed ***
1/31/17    8:00

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

FN 2015-003563                                          01/24/2017

CLERK OF THE COURT
JUDGE PAMELA D. SVOBODA                      A. Cannon
                                            Deputy

IN RE THE MATTER OF
PERRY HARRIS                            RICHARD J PETERS

AND

ANITA ELAINE SMITH HARRIS               ANITA ELAINE SMITH HARRIS
                                        2850 E WINDSONG DR
                                        PHOENIX AZ  85048

### UNDER ADVISEMENT RULING

### DECREE OF DISSOLUTION

The Trial in this matter regarding Petition for Dissolution of Marriage was conducted on January 9, 2017.  During the proceedings, the Court heard from the witnesses, including the parties. The Court has since considered the evidence, including the demeanor of the witnesses, reviewed the exhibits as well as the case history, and considered the parties' arguments.  The Court held a Temporary Orders Hearing in December 2015.  Husband then filed bankruptcy and this matter was stayed.  The bankruptcy has now been dismissed and this Court once again has jurisdiction.  Husband asks the Court rescind the temporary orders as he alleges Wife gave false testimony and he did not appear at the Temporary Orders Hearing due to a calendaring mistake. Wife alleges she has filed Chapter 13 bankruptcy so this matter cannot proceed.  Husband produced a ruling from Judge Brenda Martin of the Bankruptcy Court which states that she dismissed Ms. Harris' case on January 5, 2017.  The Court gave the parties until January 17, 2017 to provide the Court with any supplemental information regarding the bankruptcy.  The parties were instructed that if nothing is filed showing a bankruptcy case exists, the Court will enter its ruling.  Husband filed a Notice and Position Re:  Bankruptcy Automatic Stay which indicates that one day after trial Wife filed an Emergency Motion to Reinstate her bankruptcy. The parties had a hearing on January 18, 2017 before Judge Brenda Martin of the Bankruptcy Court. Judge Martin lifted the Automatic Stay for the purposes of allowing the Superior Court to

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                        01/24/2017

enter a Decree of Dissolution. What remains stayed is community property, which the Court currently lacks jurisdiction to address. All previous temporary orders issued in this case are rescinded.

The Court makes the following findings and enters the following orders:

**THE COURT FINDS** as follows:

A.   At the time this action was commenced at least one of the parties was domiciled in the State of Arizona and that said domicile had been maintained for at least 90 days prior to the filing of the Petition for Dissolution of Marriage.

B.   The conciliation provisions of A.R.S. § 25-381.09 have either been met or do not apply.

C.   The parties were married on November 15, 1986. By operation of law, the marital community is deemed to have terminated on July 2015.

D.   The marriage is irretrievably broken and there is no reasonable prospect for reconciliation. Wife argues their marriage is not irretrievably broken. She testified there has been no closure and she does not know why he left the marriage. She testified that she realizes saying it's not irretrievably broken will change anything; however, she maintains it is not irretrievably broken. In compliance with A.R.S. § 25-316 the Court inquired further. As to the prospect of reconciliation, Husband testified the parties had marriage counseling throughout their marriage including religious and nonreligious counseling both in the military and out of the military. He testified they participated in ADR settlement in the summer of 2016 and all Wife wanted to talk about was reconciliation which he indicated would not occur. When asked by his attorney what the chances of reconciliation were, he stated they were zero. The Court finds that with this testimony, along with all the other testimony in this case including Wife having Husband civilly committed and he was released 15 hours later due to no mental health concerns, See Exhibit 10, there is no prospect of reconciliation and the marriage is irretrievably broken.

E.   Wife is not pregnant.

F.   This was not a covenant marriage.

Docket Code 926                    Form D022B                         Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                      01/24/2017

G.    To the extent that it has jurisdiction to do so, the court has considered, approved
and made provision for the maintenance of each spouse and the division of
property and debts.

### Dissolution of Marriage

**IT IS ORDERED** dissolving the marriage of the parties and restoring each party to the
status of a single person.

### Spousal Maintenance

Wife seeks an award of spousal maintenance in the amount of $250 per month for an
unspecified term. Husband opposes the award, asserting that Wife does not qualify for an award
of spousal maintenance. Although he acknowledges the long duration of the marriage he asserts
that they both have master's degrees, she has worked throughout the marriage, and they earn the
same income and she does not meet any of the requirements of A.R.S.§25-319(A).

The determination of spousal maintenance is controlled by A.R.S. § 25-319. The
threshold question is entitlement, which is controlled by subsection (A) of the statute. It
provides as follows:

In a proceeding for dissolution of marriage or legal separation, or a proceeding for
maintenance following dissolution of the marriage by a court that lacked personal
jurisdiction over the absent spouse, the court may grant a maintenance order for
either spouse for any of the following reasons if it finds that the spouse seeking
maintenance:
1.    Lacks sufficient property, including property apportioned to the
spouse, to provide for that spouse's reasonable needs.
2.    Is unable to be self-sufficient through appropriate employment or
is the custodian of a child whose age or condition is such that the
custodian should not be required to seek employment outside the home or
lacks earning ability in the labor market adequate to be self-sufficient.
3.    Contributed to the educational opportunities of the other spouse.
4.    Had a marriage of long duration and is of an age that may preclude
the possibility of gaining employment adequate to be self-sufficient.

**THE COURT FINDS** that Wife has not established a statutory basis for entitlement to
an award of spousal maintenance. Although the parties had a marriage of long duration, Wife
has gainful employment, earning approximately $60,000 per year for many years. As stated
above, Wife did not admit any exhibits. Her Affidavit of Financial Information (AFI) filed on

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                          01/24/2017

October 20, 2015, misstates her gross monthly wages and she never filed an amended AFI. As part of this dissolution, she is receiving half the equity of the Windsong home, half of the equity in the house in Georgia if there is positive equity, and half of both of Husband's retirement accounts. She has adequate resources to be self-sufficient. No other evidence was presented on the other factors. Therefore,

**IT IS ORDERED** her claim is denied and neither party is entitled to an award of spousal maintenance.

Further, based on the fact that Wife misstated her income,

**THE COURT FINDS** she was not entitled to temporary spousal maintenance.

**IT IS FURTHER ORDERED** that the temporary spousal maintenance order is vacated. Any monies paid by Husband to Wife as temporary spousal maintenance will be deducted from her portion of the proceeds of the Windsong property.

### Division of Property and Debts

### Community/Sole and Separate Property Claims and Debts

Pursuant to the Automatic Stay issued on January 18, 2017 by Judge Brenda Martin, the Superior Court currently lacks jurisdiction to enter orders regarding the community property. The parties are directed to file a pleading with the Court once the automatic stay has been lifted so the Court may address the division of community property and debt.

### Restoration of Name

Wife declines on the record to have her name restored.

**IT IS THEREFORE ORDERED** not restoring Anita Elaine Smith Harris to her former name.

### Attorney Fees and Costs

Husband has requested an award of attorney fees and costs. An award of attorney fees and costs is governed by A.R.S. § 25-324. Section 25-324 provides as follows:

A.      The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken

Docket Code 926                      Form D022B                            Page 4

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                          01/24/2017

throughout the proceedings, may order a party to pay a reasonable amount to the
other party for the costs and expenses of maintaining or defending any
proceedings under this chapter or chapter 4, article 1 of this title. On request of a
party or another court of competent jurisdiction, the court shall make specific
findings concerning the portions of any award of fees and expenses that are based
on consideration of financial resources and that are based on consideration of
reasonableness of positions. The court may make these findings before, during or
after the issuance of a fee award.

B.       If the court determines that a party filed a petition under one of the
following circumstances, the court shall award reasonable costs and attorney fees
to the other party:

> 1.       The petition was not filed in good faith.
> 2.       The petition was not grounded in fact or based on law.
> 3.       The petition was filed for an improper purpose, such as to harass
> the other party, to cause an unnecessary delay or to increase the cost of
> litigation to the other party.

C.       For the purpose of this section, costs and expenses may include attorney
fees, deposition costs and other reasonableness expenses as the court finds
necessary to the full and proper presentation of the action, including any appeal.

D.       The court may order all amounts paid directly to the attorney, who may
enforce the order in the attorney's name with the same force and effect, and in the
same manner, as if the order had been made on behalf of any party to the action.

**THE COURT FINDS** that there is no substantial disparity of financial resources
between the parties.[1]

**THE COURT FURTHER FINDS** that Wife has acted unreasonably in the litigation.
Specifically, Wife acted unreasonably by doing the following:  provided misleading testimony in
the Temporary Orders Hearing; taking Husband's truck   without informing him which
necessitated him filing a police report believing it had been stolen and obtained a loaner car from
their insurance company only to learn she had loaned the truck to their adult child; she had
Husband civilly committed for 72 hours but he was released after 15 hours; refusing to
participate in ADR settlement for more than 5 minutes; filing motions to delay the proceedings;
and attempting to modify a withholding order in March 2016 in violation of the automatic stay in
bankruptcy court.

**THE COURT FURTHER FINDS** that the provisions of A.R.S. § 25-324(B) do not
apply.

---

[1]       A disparity in financial resources by itself does not mandate an award of fees to the poorer party. *See Myrick v.
Maloney,* 235 Ariz. 491, 494, ¶ 9, 333 P.3d 818, 821 (App. 2014)

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                    01/24/2017


**THE COURT FURTHER FINDS** that neither Wife nor Husband knowingly presented a false claim.

**IT IS THEREFORE ORDERED** granting Husband's request for attorney fees and costs.

**IT IS FURTHER ORDERED** that Wife shall pay a portion of Husband's reasonable attorney fees and costs. **Not later than February 24, 2017,** counsel for Husband shall submit all necessary and appropriate documentation to support an application for an award of attorney fees and costs, including a *China Doll* Affidavit and a form of order. **By no later than March 10, 2017,** Wife shall file any written objection. If Husband's counsel fails to submit the application by February 24, 2017, no fees or costs will be awarded. The Court shall determine the award and enter judgment upon review of the Affidavit as well as any objections.

The Court still must decide the amount of attorney fees and costs to be awarded. Notwithstanding the outstanding attorney fees and costs issue, pursuant to Rule 78(B), Arizona Rules of Family Law Procedure, the Court expressly determines that no just reason for delay exists and directs the entry of this minute entry as a final, appealable order.

### OTHER ORDERS

**IT IS FURTHER ORDERED** requiring and directing the parties to participate in mediation, ADR and/or a settlement conference before filing a petition or motion to modify any of the Orders in this Decree

**IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of this Order that is not expressly granted above.

**IT IS FURTHER ORDERED** signing this minute entry as a formal order of this Court pursuant to Rule 81, *Arizona Rules of Family Law Procedure*.

DATED the 27ᵗʰ day of January, 2017

_____
THE HONORABLE PAMELA D. SVOBODA
JUDICIAL OFFICER OF THE SUPERIOR COURT

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                  01/24/2017

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at: http://www.superiorcourt.maricopa.gov/SuperiorCourt/Self-ServiceCenter.

EXHIBIT 1

Clerk of the Superior Court
*** Filed ***
05/04/2022 8:00 AM

FN 2015-003563                                         05/02/2022


                                               CLERK OF THE COURT
HONORABLE JAMES DRAKE                              Y. Anchondo
                                                    Deputy


IN RE THE MATTER OF
PERRY HARRIS                                   PERRY HARRIS
                                               2654 W HORIZON RDGE PKWY
                                               B5-69
                                               HENDERSON NV  89052


AND

ANITA ELAINE SMITH HARRIS                      CHELSEA LYNCH


                                               JUDGE DRAKE



### UNDER ADVISEMENT RULING


On April 28, 2022 the Court held an Evidentiary Hearing regarding Respondent/Wife's PETITION TO ENFORCE DIVORCE DECREE: RETIREMENT ACCOUNTS, filed on March 4, 2022 and to address, the status of the Georgia property.  The Court is somewhat surprised by Wife's request for relief while at the same time disregarding this Court's other orders.

The Court having considered the evidence and the testimony, rules as follows:

Georgia Property

**THE COURT FINDS** that Wife has willfully violated this Court's Order of September 18, 2017 regarding the Georgia property for four and one-half years. Wife was ordered to either let the property in Georgia, 404 Ridgetop Drive, NW, Acworth, Georgia, go into foreclosure or to refinance the property and give fifty percent of the equity (if any) to Petitioner/Husband.  Wife has

improperly used the Bankruptcy Court, with 7 separate filings, to thwart the resolution of the Georgia property's mortgage debt. Indeed, it was the Bankruptcy Court's Trustee (filing Motion

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                                    05/02/2022

to Dismiss with Prejudice filed 8/27/2019) that Wife had never, in the previous five filings, ever brought forth a feasible Chapter 13 plan and filed her bankruptcies in bad faith. The Trustee noted "This case was clearly brought to frustrate the collection efforts of the Debtor's ex-husband by delaying the sale of the real property in Georgia." Wife's stated desire to move into the Georgia home in less than six months is not credible.

That being said, Husband is not wholly blameless in this regard either. Husband steadfastly refuses to let loan modifications go through and will not assist or sign any documents to facilitate Wife assuming the loan and eventually getting his name off the mortgage and ultimately, the title. It seems as though Husband has looked beyond just the initial steps of modification and has taken notice of the longer term possible underwriting policies that may indeed thwart Wife's goal. The problem here is that Husband is inserting himself into the role that is properly played by the lender. Let the lender be the one to inform Wife that because of the bankruptcy filings assumption or modification is impossible for many years.

**IT IS ORDERED** Husband shall not to stop, prevent or otherwise frustrate Wife's attempts at loan assumption or modification. Additionally,

**IT IS FURTHER ORDERED** Husband shall sign any and all documents needed for loan assumption and modification. Should Husband refuse to sign papers, Wife is fully authorized to sign on his behalf. If, at any time, Wife is told that modification and assumption is not possible or that she fails to meet the qualifications or that because of bankruptcy filings the assumption cannot take place for four years, then **IT IS FURTHER ORDERED** that Wife shall let the Georgia home go immediately into foreclosure. If Wife fails to allow the home to go into foreclosure, the Court, pursuant to Rule 83(A)(1)(c) and A.R.S. § 25-318(P), will suspend the award of all retirement accounts from the September 8, 2017. If requested, the Court will hold an Evidentiary Hearing and may consider some reallocation of retirement funds.

<u>Retirement</u>

By the terms of the parties Divorce Decree, both parties were awarded an equal share of each other's retirement.

**IT IS ORDERED** Husband shall inform Wife within thirty days the amount of "his points" so that his military pension can be divided. Each party shall respond within one week of any written request for signatures or information that is needed to complete the QDRO process. Failure to respond in writing within one week will result in a $100.00/day fine until the party responds.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                                05/02/2022

Contempt and Attorney Fees

**THE COURT FINDS** and **IT IS ORDERED** that neither party is found in contempt at
this time.

**IT IS FURTHER ORDERED** denying Wife's request for attorney fees regarding the
enforcement matter.

No further claims or issues remain for the Court to decide. Therefore,

**IT IS FURTHER ORDERED** pursuant to Rule 78(C), Arizona Rules of Family Law
Procedure, this final judgment/decree is signed by the Court and it shall be entered by the Clerk.
The time for appeal begins upon entry of this judgment by the Clerk. For more information on
appeals, see Rule 8 and other Arizona Rules of Civil Appellate Procedure.

**IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of
this Order that is not expressly granted above.

_____
HONORABLE JAMES DRAKE
JUDGE OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes.  A
form may be downloaded at:
        http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/

EXHIBIT 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

Clerk of the Superior Court
*** Filed ***

MAR 2 8 2023  8:00am

FN 2015-003563                                                  03/24/2023

CLERK OF THE COURT
Y. Anchondo
Deputy

HONORABLE JAMES DRAKE

IN RE THE MATTER OF
PERRY HARRIS                                RICHARD J PETERS

AND

ANITA ELAINE SMITH HARRIS        ANITA ELAINE SMITH HARRIS
                                                              UP


                                                              DOCKET FC
                                                              JUDGE DRAKE



**UNDER ADVISEMENT RULING RE: GEORGIA PROPERTY**


        The saga over the Georgia property has been going on since September 18, 2017. The Court will repeat some of the findings from the last hearing as they are still relevant after this last hearing.

        **THE COURT FINDS** that Respondent/Wife has willfully violated this Court's Order of September 18, 2017 regarding the Georgia property for five and one-half years. Wife was ordered to either let the property in Georgia, 404 Ridgetop Drive, NW, Acworth, Georgia, go into foreclosure or to refinance the property and give fifty percent of the equity (if any) to Petitioner/Husband. Wife has improperly used the Bankruptcy Court, 7 separate filings, to thwart the resolution of the Georgia property's mortgage debt. Indeed, it was the Bankruptcy Court's Trustee (filing Motion to Dismiss with Prejudice filed 8/27/2019) that Wife had never, in the previous five filings, ever brought forth a feasible Chapter 13 plan and filed her bankruptcies in bad faith. The Trustee noted "This case was clearly brought to frustrate the collection efforts of the Debtor's ex-husband by delaying the sale of the real property in Georgia." At the previous hearing, Wife's stated desire to move into the Georgia home in less than six months was not

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                              03/24/2023

credible and at today's hearing Wife confirmed that she had still not moved in but was "close by" the property. Wife's behavior over the course of this litigation has been extremely challenging and she was even temporarily jailed for refusing to vacate an Arizona property.

In May of last year, Wife was directed to attempt an assumption or modification. Additionally, Wife was authorized to sign on Mr. Harris' behalf *if* he refused to add his own signature to assumption or modification documents. The modification that Wife acquired however was not remotely like the terms in the original mortgage (expecting the outstanding balance plus arrearages and maybe some penalties). This new arrangement has a balloon payment of almost two hundred thousand dollars! Unfortunately, this Court's May 2, 2022 order has been improperly used in a manner to likely further antagonize Husband.

**THE COURT FURTHER FINDS** that this modification was not undertaken in good faith by Wife and Husband is not be responsible for these new terms as this Court's order did not authorize bad faith. Additionally, the Court heard credible testimony that Wife is, again, almost immediately behind significantly on mortgage payments. The Court finds that modification is not a viable alternative. Finally, at Trial, Wife testified that she signed Husband's name to a quit claim deed just a few days ago without ever asking him to sign and having him refuse. This is a clear violation of the May 2, Order.

**IT IS ORDERED** Wife is to hold Husband harmless for all debt associated with the Georgia property.

As outlined in the May 2, 2022 Order, the Court put everyone on notice that it might reallocate assets pursuant to 83(a)(1)(c) and 25-318(P). In the September 2017 Order, the parties were each awarded fifty percent of the other parties' retirement accounts earned during marriage. Neither party has begun to receive benefits from the other.

**IT IS FURTHER ORDERED** the award of Husband's military pension is vacated and now is awarded solely to him.

At Trial, Husband offered to forego any interest he had in Wife's ASRS (and 401K which may or may not exist) pension. The Court will not modify that award at this time as Wife still has past judgements for legal fees that have not been paid. The Court will entertain a Petition to Modify the ASRS retirement distribution after the attorney fees debts have been satisfied.

**THE COURT FURTHER FINDS** based on Wife's signing of the Quit Claim deed without prior presentation and the modification done in bad faith, that Wife has acted unreasonably. Wife shall be responsible for a portion of Husband's legal fees for this filing and Trial.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                          03/24/2023


**IT IS FURTHER ORDERED** Husband shall file a China Doll affidavit **by no later than April 24, 2023.** Wife may respond in the normal course.

**THE COURT FINDS** there is no just reason to delay making a final order (for the exception of attorney fees).

**IT IS THEREFORE ORDERED** pursuant to Rule 78(b), Arizona Rules of Family Law Procedure, that this is a final judgment/decree and it shall be entered by the Clerk. The time for appeal begins upon entry of this judgment by the Clerk. For more information on appeals, see Rule 8 and other Arizona Rules of Civil Appellate Procedure.

**IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of this Order that is not expressly granted above.


_____
HONORABLE JAMES DRAKE
JUDGE OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes.  A form may be downloaded at:
http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/


Docket Code 926                    Form D000D                              Page 3

1    **RUE LAW, LLC.**
     Chelsea Lynch, SB No. 036690
2    44920 W. Hathaway Avenue
     P.O. Box #1781
3    Maricopa, AZ 85139
     Phone: 480-841-7075
4    Info@Ruelawllc.us
     *Attorney for Respondent*

5

6                        IN THE SUPERIOR COURT OF ARIZONA
                       IN AND FOR THE COUNTY OF MARICOPA COUNTY
7

8

9    In Re the Marriage of:              )
                                         )
10   PERRY HARRIS,                       )    CASE NO.:  FN 2015-003563
                                         )
11          Petitioner,                  )
                                         )    MILITARY RETIRED PAY DIVISION ORDER
12      and                              )
                                         )
13   ANITA ELAINE SMITH-HARRIS,          )
                                         )
14          Respondent.                  )
                                         )
15

16   ─────────────────────────────────────

17                     **MILITARY RETIRED PAY DIVISION ORDER**

18          WHEREAS, the parties were married to each other on November 15, 1986, separated on May 1,

19   2015, and a judgment for divorce was entered by this Court on February 27, 2017; and

20          WHEREAS, this Court has personal jurisdiction, and jurisdiction over the subject matter of this

21   Order; and

22          WHEREAS, this Order is entered pursuant to the applicable sections of the Arizona statutes to

23   enforce the marital rights of the former spouse; and

24          WHEREAS, the Court previously awarded to the Former Spouse an interest in the Employee's

25   retirement benefits (as defined below) to be submitted to the Court in an Order; and

WHEREAS, the parties and the Court intend that this Order shall be a Military Retired Pay Division Order (hereinafter referred to as Order) as defined in the Uniformed Services Former Spouses' Protection Act, P.L. 97-252, 10 U.S.C. Section 1408 et seq., effective February 1, 1983, which assigns certain benefits of the Plaintiff's military pension as specifically set forth in this order; and

WHEREAS, the parties have stipulated that the Court shall enter this Order;

NOW it is ORDERED and ADJUDGED as follows:

Perry Harris has a vested interest in his retirement benefits due to his service in the U.S. Army Reserve. His former spouse, Anita Elaine Smith-Harris, shall receive from Perry Harris' disposable retired pay an amount as set forth below:

1.  As used in this Order, the following terms shall apply:

    (a) "Member" shall mean Perry Harris, whose current address is 2654 W. Horizon Ridge Parkway B5-69, Henderson, NV 89052, who was born on [SEE ATTACHED ADDENDUM], and whose Social Security Number is [SEE ATTACHED ADDENDUM].

    (b) "Former Spouse" shall mean Anita Elaine Smith-Harris, whose current address is 11010 S. 51st, Unit 50818, Phoenix, AZ 85044, who was born on [SEE ATTACHED ADDENDUM], and whose Social Security Number is [SEE ATTACHED ADDENDUM].

    (c) "Disposable Retired Pay" shall mean the total monthly retired or retainer pay to which Member is entitled [less certain amounts set forth in 10 U.S.C. Section 1408(a)(4)].

    (d) "Military Retired Pay Division Order" or "Order" shall mean a court order that qualifies under the Uniformed Services Former Spouses' Protection Act, PL 97-252, 10 U.S.C. Sections 1408 et seq.

2.  Member assigns to Former Spouse an interest in Member's Disposable Retired Pay. Former Spouse shall receive payments at the same time that Member receives payments. Former

Spouse shall receive a direct payment from the Army Reserve of the amount specified in paragraph 3 payable from the Disposable Retired Pay of Member.

3.  Former Spouse is awarded a percentage of the Member's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 4225 reserve retirement points earned during the period of marriage, divided by the Member's total number of reserve retirement points earned.  In addition, the parties agree that Former Spouse shall receive the same proportionate percentage of any increase in the cost-of-living allowance paid on Member's Disposable Retired Pay.  On the date of discharge, the Member's military base pay (high-3) was $8,589.90, and the Member had 4605 creditable reserve points.

4.  The payments to Former Spouse described in paragraph 3 shall continue as long as Member has the right to receive the Disposable Retired Pay.  Such payments shall cease on the death of either Member or Former Spouse.

The monthly payments to Former Spouse set forth in paragraph 3 shall be paid to Former Spouse regardless of her marital status and shall not terminate on her remarriage.

5.  Member and Former Spouse were married during Member's creditable military service from November 15, 1986 to July 14, 2015).  Therefore, Member and Former Spouse were married for a period of more than ten years during which time Member performed more than ten years of creditable military service.

6.  Former Spouse must send the following documents or information to the Defense Finance and Accounting Service (which has been designated as the agent for the U.S. Army Reserve) at the following address:

DFAS-CL/GAG

DEFENSE FINANCE AND ACCOUNTING SERVICE – CLEVELAND

P.O. BOX 998002

CLEVELAND, OH 44199-8002

      (a)  An application for direct payment from Member's Army Reserve retired pay pursuant to Section 1408 of Title 10 U.S.C. on DD Form 2293.

      (b)  A certified copy of this Order providing for the division of retired pay and, if necessary, other supporting documents. The court order that is served on the Defense Finance and Accounting Service at the above address in Cleveland, Ohio, must have been certified no more than 90 days before it was mailed.

      (c)  A certified copy of the applicable divorce decree, property settlement order or any appellate court orders.

7. The following procedure applies following the submission of information and documentation set forth in paragraph 6. No action is taken by the Defense Finance and Accounting Service, Cleveland Center, until all the documents and information set forth in paragraph 6 are received by the Center. First, after all the documents and information have been received and reviewed, Member is notified of the request for direct payments from his retired pay. Second, Member is given 30 days to provide evidence as to why the court order should not be complied with by the Center. Third, thereafter, Former Spouse is informed either of the reason why the Center cannot comply with the court order or of the amount of the retired pay to be sent to her in accordance with the Court order and the date on which payments are to begin.

8. The Defense Finance and Accounting Service, Cleveland Center, shall be notified by Former Spouse of any changes in this Order or of another order that affects this Order or the eligibility of any recipient receiving benefits pursuant to this Order.

9. Member agrees to cooperate with Former Spouse to prepare an application for direct payment to Former Spouse from Member's retired or retainer pay to execute all documents that the Army Reserve may require to certify that a portion of the Disposable Retired Pay can be provided to Former Spouse.

10. The parties stipulate that this court has jurisdiction over Member and Former Spouse and that this Court is a court of competent jurisdiction under 10 U.S.C. Section 1408(a)(1).

11. The Court retains jurisdiction to amend this Order to meet the requirements for a Qualifying Court Order or to amend this Order in other respects.

12. This Order shall be construed in such a way that it meets the requirements for a Qualifying Court Order under the Uniformed Services Former Spouses' Protection Act, PL 97-252, 10 U.S.C. Sections 1408 et seq.

13. This Order is to be interpreted under the laws of the state of Arizona, to the extent such law is not preempted by any federal law or regulation.

ORDERED AND ADJUDGED that the above stipulation shall be entered as a Judgment and the parties are hereby directed to comply with every term and provision thereof.

THIS QCO IS APPROVED AS TO FORM AND SUBSTANCE:

_____        Date: ___12/21/2022_____
Rich J. Peters            (signature)
R.J. Peters & Associates
1422 North 2nd Street Suite #100
Phoenix, AZ 85004
Attorney for Petitioner

_____        Date: _____
**RUE LAW, LLC.**    (signature)
Chelsea Lynch
44920 W. Hathaway Avenue
P.O. Box #1781
Maricopa, AZ 85139
*Attorney for Respondent*

1

2

3

4

SO ORDERED:

5

DATED this _____ day of _____, 20___.

6

7

_____

8

SUPERIOR COURT JUDGE

9

10

**ORIGINAL FILED** with the Court this 2 day of December 2022.

11

Honorable Jim Drake

12

Maricopa County Superior Court

Downtown division

13

14

**COPY** of the foregoing mailed this 2 day of December 2022 to:

15

Rich J. Peters

R.J. Peters & Associates

16

1422 North 2nd Street Suite #100

Phoenix, AZ 85004

17

Attorney for Petitioner

18

**RUE LAW, LLC**

19

**Chelsea Lynch**

20

CL/cm

21

22

23

24

25

**<u>ADDENDUM TO QUALIFYING COURT ORDER</u>**

<u>For Submission to the Plan Administrator ONLY</u>

Because of restrictions placed by the **Federal Privacy Act**, the Participant and Alternate Payee Social Security Numbers and dates of birth are deleted from the text of the Order that is filed with the court. For administrative purposes, they are included below:

Member: Perry Harris



Former Spouse: Anita Elaine Smith-Harris